Williams, et al. *v.* Allegheny Union Plaza, Inc. (et al., Appellant).

Argued April 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David B. Washington,* with him *Shields and Washington,* for appellant.

*Samuel P. Kamin,* for appellees.

OPINION BY VAN DER VOORT, J., December 11, 1974:

Appeal is taken by Defendant William Baker from Order of the Court of Common Pleas, Civil Division, Allegheny County, denying Defendant's Petition to Open Judgment.

Plaintiffs, electrical sub-contractors, had brought suit on two counts:

(1) That a contract, commenced with Defendant William Baker, had been amended by authorization of Baker, all of said work performed, and a balance is yet due and owing; and

(2) That Defendant Allegheny Union Plaza, Inc., has been unjustly enriched by the amount of the extra work performed by Plaintiffs.

Allegheny Union Plaza, Inc., is owner and developer of an apartment project; William Baker is contractor thereon. Service was perfected on said Defendants by the Sheriff of Allegheny County on August 15, 1972, and Defendants were notified to plead within twenty days. No responsive pleading having been filed within the appropriate time, Plaintiff obtained default judgment against both Defendants on September 7, 1972.

On September 13, 1972, Defendant Baker petitioned to open judgment. On the same day, Defendant Allegheny Union Plaza, Inc., petitioned for rule to show

cause why the default judgment should not be stricken or opened. Plaintiffs answered each of the above petitions.

By Order of Honorable Michael J. O'MALLEY, Judge, Defendant Baker was directed to create a fund in the amount of $8,200 for payment of any award or settlement and Defendant Allegheny Union Plaza, Inc., was ordered to create a similar fund in the amount of $10,200.

By Order of June 25, 1973, Judge O'MALLEY denied both Defendants' motions to strike,[1] granted Defendant Allegheny Union Plaza, Inc.'s, motion to open, and denied Defendant Baker's motion to open.

We consider the appeal of William A. Baker. We refer to the substantial body of law in our Court and our Supreme Court holding that "a petition to open a judgment is a matter of judicial discretion, is an appeal to the court's equitable powers, and is to be exercised only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; (3) the failure to appear can be excused." *Balk et al. v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A.2d 128, 130-131 (1971). (Other citations omitted).

As to "(1)", we note from the record of the Prothonotary of Allegheny County that judgment was entered on September 7, 1972, and Baker's Petition to Open Judgment was filed September 13, 1972. Passage of six days is not an unduly long period of time. We therefore hold that prompt filing of his petition was done by Baker.

As to "(2)", we note that counsel for Baker has posited a defense to Plaintiff's case. The record is deficient of a showing that Defendant Baker and/or his

---

[1] We find no motion to strike by the Defendant Baker in the record.

agent contracted for work allegedly performed by Plaintiffs and called "extra work", in that no specificity is evident as to what jobs were part of the original contract, and which may fall under a heading "extra work." The amount of remuneration for said "extra work" is not stated as exceeding the original contract amount. Defendant Baker alleges in his Petition to Open Judgment that he will show, by way of defense, that he has a counter-claim against Plaintiffs. For these reasons we hold that Defendant Baker has raised a meritorious defense.

As to "(3)", we note that Baker's original counsel withdrew and new counsel did not receive the papers until after judgment had been entered. Baker retained him during the 20-day period in which Defendant was obliged to plead. To prevent prejudice to Baker's defense, and absent a clear showing that Plaintiffs are prejudiced by allowing said defense, we believe that the facts in this case support extension of the rule regarding the period in which responsive pleading must be made. See *Borjes v. Wich*, 171 Pa. Superior Ct. 505, 90 A.2d 288 (1952). We hold, therefore, that Appellant's excuse for not filing an appearance or answer is adequate.

We recognize that the trial court has great discretion in the matter of granting or denying a petition to open judgment. See *Oppenheimer et al. v. Shapiro*, 163 Pa. Superior Ct. 185, 60 A.2d 337 (1948) and *Johnson v. Yellow Cab Co. of Philadelphia*, 226 Pa. Superior Ct. 270, 307 A.2d 423 (1973). We find, however, that the lower court abused its discretion in granting Defendant Allegheny Union Plaza, Inc.'s, motion to open while denying that of Defendant Baker. The facts as to both Defendants are so inextricably related that we believe it is the position of equity that both judgments should be opened.

"To have a judgment opened, taken by default, it is necessary to present sufficient reasons to appeal to the conscience of the judge, who sits as a chancellor, and convince him that injustice has been done." *Kanai v. Sowa,* 109 Pa. Superior Ct. 426, 427-428, 167 A. 429, 430 (1933). We note that Complaint was filed August 15, 1972, allowing 20 days therefrom for responsive pleading. The 20th day would have been September 4, 1972, the Labor Day Holiday. To instruct the Prothonotary to enter default judgment on September 7, 1972, smacks of a "snap" judgment which, for the foregoing reasons, and for the additional reason that counsel for Plaintiff did not inform counsel for Defendant of his intention to "snap" judgment, we do not believe that equity was thereby served. We are satisfied that justice will be done by allowing default judgment against Defendant Baker to be opened.

Order reversed as to Baker, and case remanded on this point. Order affirmed as to denying motions to strike.

HOFFMAN and SPAETH, JJ., concur in the result.