368 A.2d 802
William P. MOYER and Sharon A. Moyer,
his wife, Appellees,

v.

AMERICANA MOBILE HOMES, INC.,
et al., Appellants.

Superior Court of Pennsylvania.

Argued Sept. 13, 1976.

Decided Dec. 15, 1976.

442

H. Clay McCormick, Williamsport, with him John E. Person, III, Williamsport, for appellants.

Lee H. Roberts, Lock Haven, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal was taken from the denial of a petition to open a default judgment. The praecipe for a default judgment was filed on the twenty-first day after service

of the complaint which initiated this action in trespass and assumpsit. Appellant petitioned to open and was denied. After reargument, it was denied again. This appeal followed.

Service of the complaint on appellant, Americana Mobile Homes, Inc., was made on the corporation's registered agent in the Commonwealth on April 29, 1974. The agent forwarded it to the corporation's Cleveland attorney who sent it to the insurance broker. The insurance broker in turn sent it to the insurance carrier, American Mutual Ins. Co. It reached the carrier on or about May 7, 1974. Mr. Padley of American Mutual called Attorney John C. Youngman, Jr. of Candor, Youngman, Gibson & Gault, a law firm in Williamsport, Pennsylvania, and Mr. Youngman agreed to take the case. At this time Mr. Youngman was unaware that his partner John Gault was already representing the other defendants. The conflict of interest was discovered on May 9, 1974 when Mr. Gault, having noticed that no attorney had yet appeared for Americana, called Mr. Padley to find out who was representing them. When Mr. Padley told him he had spoken to Mr. Youngman, Mr. Gault informed him that it would not be possible for Mr. Youngman to represent Americana since it would create a conflict in their office. When Mr. Padley asked Mr. Gault to find other counsel for the case, Mr. Gault suggested Neafie Mitchell and agreed to talk to him about taking the case. Since Mr. Padley had put the file in the mail to Mr. Youngman, Mr. Youngman agreed to forward it to Mr. Mitchell. Both Mr. Gault and Mr. Youngman separately spoke to Mr. Mitchell about representing appellant, but Mr. Mitchell wanted to see the file before committing himself to do so especially since he also might have had a conflict on another matter with American Mutual which would prevent him from accepting the case. Neither Mr. Gault nor Mr. Youngman advised American Mutual of Mr. Mitchell's hesitancy about accepting the case.

Further confusion ensued when the file was inadvertently misplaced upon its arrival at Mr. Youngman's office. When Mr. Youngman asked his secretary if the file had been forwarded to Mr. Mitchell, she mistakenly informed him that it had been. This error was not discovered until May 22, 1974 when Mr. Gault received notice that plaintiff's attorney had filed a praecipe for a default judgment against Americana. Literally "turning the office upside down," Mr. Gault found the file and took it to Mr. Mitchell, who then declined to take the case. Finally, Mr. Gault got Attorney H. Clay McCormick to take the case. Mr. McCormick called plaintiff's counsel and asked him to voluntarily open the judgment. Three days after judgment had been entered, plaintiff's counsel informed Mr. McCormick that he would not open the judgment, and consequently, Mr. McCormick filed his petition to open.

 A petition to open is an appeal to the discretion of the court. *Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970). Before the discretion of the court will be exercised to open a default judgment in a trespass action the petition to open must be filed promptly and the delay must be reasonably explained or excused.[1] If the equities are otherwise clear, a meritorious defense need not be demonstrated. *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971). A lower court's ruling opening or refusing to open will not be reversed unless an error of law or a clear, manifest abuse of discretion is shown. *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971); *Silverman v. Polis,* 230 Pa.Super. 366, 326 A.2d 452 (1974).

Appellant indisputably met the first requirement of promptly filing a petition to open, since the petition was filed three days after the default judgment was taken.

---

1. Although the complaint alleged causes of action in both trespass and assumpsit, the court below preferred to dispose of the petition as a trespass action since the basis of the suit was a personal injury.

■ ■ The court below abused its discretion in finding the excuse for the delay unreasonable and refusing to open the judgment. It is well settled that the power to open a default judgment entered as a result of mistake or oversight of counsel is frequently exercised where the petition is promptly filed and a reasonable excuse for the delay is presented. *Alexander v. Jesray Construction Co.*, 237 Pa.Super. 99, 346 A.2d 566 (1975). The purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a means of gaining a 'judgment without the difficulties which arise from litigation. *Kraynick v. Hertz,* supra; *Slott v. Triad Distributors, Inc.*, 230 Pa.Super. 545, 327 A.2d 151 (1974). Therefore, in most cases such as the instant case, when judgment is taken on the twenty-first day after the filing of the complaint, the purpose of the rules is not served when a timely filed petition to open is denied. Such "snap" judgments are disfavored by the law.[2]

In the instant case the lower court found that appellant's insurance carrier was not diligent in securing counsel, so that the delay in entering an appearance (or filing an answer to the alternative assumpsit claim) was not reasonably excused. However, the record does not support this finding. Appellant's insurance carrier made prompt efforts to secure counsel to represent its interest. As soon as the complaint reached his office, Mr. Padley contacted an attorney who consented to take the case. Unknown to this attorney or the carrier, his partner was already representing the other defendants mak-

2. We note that plaintiff's attorney did not give appellant notice of his intent to take a default judgment. Although this is not required by the rules, we have previously noted that it is the preferred practice and a factor in considering a petition to open a default judgment. *Williams v. Allegheny Union Plaza, Inc.*, 231 Pa.Super. 170, 332 A.2d 493 (1974); *Silverman v. Polis,* 230 Pa.Super. 366, 326 A.2d 452 (1974).

ing it impossible for the firm to represent appellant. A conflict of this sort could not have been foreseen by the insurance carrier when it engaged the services of Mr. Youngman. When the conflict was discovered, the insurance carrier asked Mr. Gault to talk to another attorney and asked Mr. Youngman to forward the file when he received it. Due to the unfortunate circumstances of the misplacement of the file and the misinformation that it had been sent on to Mr. Mitchell, everyone was unaware of appellant's lack of representation. Neither Mr. Gault nor Mr. Youngman advised the insurance carrier concerning Mr. Mitchell's doubts about taking the case, and Mr. Mitchell had not informed the insurer he would not accept. The insurance carrier proceeded under the reasonable, though mistaken, belief that it had secured counsel to represent appellant's interest. "Errors of counsel . . . or clerical errors, which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment." *Johnson v. Yellow Cab Co.*, 226 Pa. Super. 270, 272, 307 A.2d 423, 424 (1973).

Appellant has demonstrated a reasonable excuse for the delay in filing an answer or entering an appearance, and the petition was promptly filed. Consequently, we find that the lower court abused its discretion in not opening the default judgment.

The order of the court below is reversed, and the case is remanded with a procedendo.

PRICE, J., dissents.