## Muratone Company, Inc. v. Cocivera Construction Company, Inc.

*Wayne N. Cordes*, for plaintiff.
*Richard C. Osterhout*, for defendant.

BECKERT, *P.J.*, March 21, 1978—Plaintiff (Muratone) has taken an appeal to the Pennsylva-

nia Superior Court from our order of December 15, 1977, whereby we opened a default judgment entered against defendant (Cocivera).

Except for one area the facts do not appear to be in dispute and are as follows:

On October 12, 1976, plaintiff commenced this action by filing a complaint against defendant and on November 3, 1976, a member of the bar of this county entered his appearance on behalf of defendant. Defendant's attorney thereafter sought and gained numerous extensions of time to file responsive pleadings to the complaint. However, on December 16, 1976, plaintiff's attorney by letter advised defendant's attorney: "I would very much appreciate either your response to my letter, or the filing of an answer within a week of the date of this letter." This letter continued, "Please consider this letter as notice to you under Bucks County Rule of Civil Procedure *927 that if we do not hear from you within the time specified, judgment by default will be entered upon the complaint." Our local Rule *927 provides:

"(a) No judgment by default shall be entered in any case, action or proceeding whatsoever until the expiration of seventy-two hours from the service of written notice of intention so to proceed upon the attorney of record for the defaulting party; provided, that this rule shall have no application if there be no appearance entered for such defaulting party.

"(b) In all cases, actions or proceedings not otherwise provided by statute or rule of Court, judgments by default may be entered only after compliance, as nearly as possible, with the requirements of Pa.R.C.P. 1037 relating thereto, and,

where applicable, a special order of Court has been obtained and complied with under Pa.R.C.P. 2082."

Defense counsel did not file his answer within the week nor did plaintiff's counsel take a default judgment on behalf of his client but instead granted further extensions, the first being from December 21, 1976, to December 31, 1976, and on December 30, 1976, defense counsel again contacted plaintiff's counsel and gained another extension, the exact time thereof is now, however, in dispute between respective counsel. Nevertheless, an answer was not filed and without any further communication between counsel, either written or oral, plaintiff's counsel entered judgment by default on February 8, 1977. Within a week thereafter, February 15, 1977, defendant petitioned this court for a rule to show cause why judgment should not be opened and/or stricken and, after an appropriate answer was filed and depositions were taken, we entered our order of December 15, 1977, allowing the judgment to be opened.

No citations are needed to support the statement that a petition to open a default judgment is an appeal to the equitable power of the court, and the court's disposition of such a petition will not be disturbed in the absence of a clear abuse of discretion: Barron v. William Penn Realty Company, 239 Pa. Superior Ct. 215, 361 A. 2d 805 (1976). The right to open a judgment should be exercised and the judgment opened when three factors coalesce: (1) The petition was properly filed, (2) A meritorious defense has been shown, (this appears not to be necessary in a trespass action) and (3) The failure to file a timely answer has been explained. It is the third ground only which plaintiff contends is absent

in the instant case, namely, that defendant has not reasonably explained or excused its failure to file a timely answer. To a degree interwoven with this problem is the effect of our local Rule *927.

As previously noted numerous extensions were granted in order that defendant could file its answer. We agree with plaintiff that the exercise of generosity on its part does not create a binding obligation for its continuance: McDonald v. Allen, 416 Pa. 397, 206 A. 2d 395 (1965). Our decision to open the judgment was not predicated upon any action of the plaintiff which was calculated to confuse the defendant or to lull it into a false sense of security. Compare Zellman v. Fickenscher, 452 Pa. 596, 307 A. 2d 837 (1973), and Triolo v. Philadelphia Coca Cola Bottling Co., 440 Pa. 164, 270 A. 2d 620 (1970), with Good v. Sworob, 420 Pa. 435, 218 A. 2d 240 (1966).

We do feel, however, that the equities of the situation in light of our local Rule *927 furnished sufficient basis for permitting the opening of the judgment. The basic philosophy behind our local rule is to promote a high professional relationship among members of the bar who choose to practice before the courts of our county and therefore not to place either side in a position of taking advantage of a fellow attorney due to a momentary oversight or failure to meet a time requirement. While we do not believe that every extension of time would in itself call for a new notice under Rule *927 before a default judgment can properly be taken, we do believe that a sufficient time had elapsed in this case to call upon counsel to again give formal notice under the rule before proceeding with a default judgment, particularly in light of the apparent confusion that obviously did exist between counsel as to the intent and time period of the last "agreed extension."

In short, as observed by the Pennsylvania Superior Court in Silverman v. Polis, 230 Pa. Superior Ct. 366, 370, 326 A. 2d 452 (1974):

"One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment; e.g., Triolo v. Philadelphia Coca Cola Bottling Co., supra. Seltzer v. Ashton Hall Nursing and Convalescent Home, 221 Pa. Superior Ct. 127 (1972); Ab v. Continental Imports, 220 Pa. Superior Ct. 5 (1971); Fox v. Mellon, supra; Kraynick v. Hertz, supra. While it is true that, beyond that contained in the complaint, further notice is not a legal prerequisite for obtaining a default judgment, it is relevant on this point to consider portions of the Code of Professional Responsibility of the American Bar Association, incorporated into the Pa.R.C.P. as Rule 205:

"'Canon 7. A Lawyer Should Represent a Client Zealously Within the Bounds of the Law.

"'EC 7-38. A lawyer should be courteous to opposing counsel. . . . He should follow local customs of courtesy or practice, unless he gives timely notice to opposing counsel of his intention not to do so. . . .'"

We believe that when all of the above is read in conjunction with Bucks County Rule of Civil Procedure *927 we feel that equitable considerations existed for our action in opening the default judgment entered in the instant case.