384 A.2d 971

**Sherrie McDANIEL, a minor by her parent and natural guardian, Constance McDaniel and Constance McDaniel, in her own right**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Virginia Beattie, Additional Defendant.**

**Appeal of Virginia BEATTIE.**

Superior Court of Pennsylvania.

Argued March 21, 1977.

Decided April 13, 1978.

52

Henry J. Lotto, Philadelphia, for appellant.

Allen L. Feingold, Philadelphia, submitted a brief, for appellees.

No appearance entered nor brief submitted for appellee, SEPTA.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Sherrie McDaniel, joined by her mother as guardian and in her own right, filed a complaint in trespass against the Southeastern Pennsylvania Transportation Authority (SEP-

TA), contending that she had been injured when the SEPTA bus in which she was riding collided with a car driven by Virginia Beattie. SEPTA brought in Virginia Beattie as additional defendant.

The procedural scramble that led to this appeal began when McDaniel served interrogatories on SEPTA. A month later McDaniel served interrogatories on Beattie. Neither defendant filed answers or timely objections to the interrogatories.[1] McDaniel, acting pursuant to a local rule,[2] obtained a default judgment against SEPTA for failure to answer interrogatories. McDaniel obtained an interlocutory order under the same rule requiring Beattie to answer McDaniel's interrogatories. Beattie's response was to file untimely objections to the interrogatories, contending that since her

1. Rule 4005(b), Pennsylvania Rules of Civil Procedure, provides that within ten days after service of interrogatories a party may file and serve written objections thereto. Rule 4006, Pa.R.C.P. requires interrogatories to be answered within 20 days of service.

2. Philadelphia Civil Rule 4005*(d) reads as follows:
"Interrogatories—Effect of Failure to File
If the adverse party fails to file of record [timely answers or timely objections to interrogatories] . . ., the Prothonotary shall, on praecipe and certification of service and upon ten (10) days notice by the party filing the interrogatories, enter an interlocutory order requiring the adverse party to file answers within thirty (30) days of the date of the order, and providing for sanctions as hereinafter set forth.
This order shall become final at the expiration of the interlocutory period, upon filing of a supplemental praecipe and certification of service, unless prior to the expiration of the interlocutory period, the party required to answer the interrogatories files a motion for an extension of this time limit. Such motion shall be disposed of by an appropriate order of the Civil Motion Court.
The interlocutory order of the Prothonotary setting forth sanctions as provided herein shall be as follows:
(a) As to defendant, defendants, or additional defendants, an order entering judgment as to liability in favor of the party filing the interrogatories against the non-answering party who shall be precluded from the entering of a defense and the introduction of evidence at the time of trial relating to the subject matter of the unanswered interrogatories.
(b) As to a plaintiff or plaintiffs, an order entering a Judgment of Non Pros in favor of the party filing the interrogatories. Whenever a praecipe is required herein, it shall be filed by the party filing the interrogatories."

deposition was scheduled to be taken within the 30-day period for answers, the interrogatories and the sanction motions were moot. Beattie never sought an extension of the time to answer interrogatories or attempted to obtain a court ruling on the objections.

The day before Beattie's 30 days expired, she filed a pleading labeled "Additional Defendant's Answer to Interrogatories" which said in its entirety:

> "All Answers contained in the Oral Deposition of the additional defendant which was taken on September 30, 1975. Plaintiff's attorney waived his presence at the Deposition, but received the Notes of Testimony."

The deposition testimony was not attached and was never filed with the prothonotary.

The next day, according to the briefs of McDaniel and Beattie [3] (SEPTA has taken no part in the proceedings on this appeal), a Supplemental Praecipe was filed under the local rule by McDaniel against Beattie, and a final judgment was obtained against Beattie for her failure to file answers to interrogatories. Although the lower court's opinion confirms this, the record does not. This inconsistency seems to arise because McDaniel, undoubtedly attempting to take judgment, against Beattie, filed a copy of the Supplemental Praecipe by which it had obtained judgment against SEPTA and thus obtained a second judgment against SEPTA but none against Beattie.

Apparently thinking she had obtained a proper judgment against Beattie, McDaniel filed a motion asking the court to strike Beattie's answers to interrogatories and let the judgment stand. The motion to strike contended that the answers were not adequate and the answer contended that they were.

---

[3.] McDaniel's brief contains additional misstatements of fact; to catalog them would unduly lengthen this opinion. We suggest to all counsel that the time spent scrutinizing the record before writing a brief is a worthwhile investment. The extra time spent by an appellate court in arriving at an understanding of a poorly-briefed case delays whatever relief the litigants are entitled to. All counsel should also be aware of Rule 2101, Pennsylvania Rules of Appellate Procedure, which allows the suppression of seriously defective briefs.

The lower court entered an order striking the answers and purporting to affirm the non-existent default judgment against Beattie, and Beattie appealed this order.[4]

In affirming a non-existent default judgment against Beattie, the lower court appears to have treated Beattie's answer to McDaniel's motion to strike Beattie's answers to interrogatories as a petition to open the non-existent default judgment, or at least to have assumed arguendo that it could be treated as such, resolving the ultimate question against Beattie.

The lower court's reason for upholding the purported default judgment was that the "Answers" defendant filed were no answers at all. The court stated:

"Under the Rules, interrogatories must be answered specifically and fully in writing under oath (Rule 4006). Instead of complying with such Rule and having the purported answers signed and sworn to by the additional defendant, to whom they were addressed, counsel for additional defendant elected to sign them himself and swear to them. More importantly, rather than answering the forty interrogatories specifically and fully, counsel for additional defendant elected to sign them himself and swear to them. More importantly, rather than answering the forty interrogatories specifically and fully, counsel for additional defendant elected to incorporate by reference deposition testimony of the additional defendant taken at a hearing of which counsel for plaintiffs had not received notice. Whether by inadvertence or otherwise, a copy of such deposition testimony was not appended to the purported answers, and, as heretofore indicated, the original deposition testimony had not been filed as required by Rule 4017. Most importantly, a review of the deposition testimony disclosed that at least thirty of the forty interrogatories are not answered specifically nor by implication or inference. For all intents and purposes, even though a pleading was filed on October 22, 1975 purporting to be

4. The same order opened judgment against SEPTA for reasons unrelated to the issues on this appeal.

"Additional Defendant's Answers to Interrogatories," the additional defendant did not, in fact or in law, answer the interrogatories specifically and fully as requested by counsel for plaintiffs and as required by Rule 4006. In determining whether there has been compliance with Court rules, form should not be elevated over substance, and unless it can be said that the labeling of a pleading can be said to endow it with content and substance it doesn't otherwise possess, the additional defendant did not file answers to plaintiffs' interrogatories notwithstanding the action of her counsel in filing a two-page pleading labeled "Additional Defendant's Answers to Interrogatories."

■ Although the lower court's order was ineffective to the extent that it was based on a non-existent default judgment, it did have authority to *enter* a default judgment under Pa.Rules of Civil Procedure 4019.

"(a) The court may, on motion, make an appropriate order if

(1) a party wilfully fails to file answers or sufficient answers to written interrogatories served under Rule 4005."

■ Thus the order may be treated, for purposes of review, as an order entering a default judgment against Beattie. In this context, however, we must consider the differences in the criteria for opening a default judgment and for imposing sanctions under Rule 4019.[5]

■ A court must refuse a petition to open a default judgment if it concludes that the default has not been reasonably explained or excused. *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. 441, 368 A.2d 802 (1976). Rule 4019 requires the court to decide whether Beattie's failure to sufficiently answer the interrogatories was wilful (see language of Rule 4019 supra). Although the lower court obviously considered Beattie's failure to file adequate

5. Only those differences which could have affected the decision in this case will be discussed.

answers to be inexcusably careless, it is not clear whether it considered it to be wilful.

Furthermore, Rule 4019(c) reads as follows:

"(c) The court, when acting under Subdivision (a) of this rule, may make

(1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros, or by default against the disobedient party or party advising the disobedience;

(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010."

Accordingly, since the court's belief that a default judgment had been entered may have prevented it from exercising its full discretion under Rule 4019, we remand for reconsideration under that Rule.[6]

Judgment reversed and case remanded for further proceedings not inconsistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

**6.** We suggest that, on remand, the deposition to which the court refers in its opinion be formally added to the record.