390 A.2d 282

**James A. ASHTON, Appellee,**

v.

**Caroline T. ASHTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 15, 1977.

Decided July 12, 1978.

136

John M. Feeney and June S. Schulberg, Pittsburgh, for appellant.

Gordon F. Harrington, and Greenlee, Richman, Derrico & Posa, Washington, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from the lower court's refusal to order the opening of a default judgment entered for want of an answer to plaintiff-appellee's complaint in equity. Since we find that the court below abused its discretion, we will reverse the court's order denying the motion to open and remand for further proceedings.

The relevant facts of the instant controversy are as follows: On July 9, 1976 Mr. James Ashton, plaintiff-appellee, caused a complaint in equity to be filed in Washington County seeking to set aside his conveyance of certain real property by deed to his wife, Caroline Ashton. The property was a farm in Washington County which the parties had held by the entireties. In addition, Mr. Ashton requested that the court enjoin Mrs. Ashton from conveying or encumbering the real property and order her to account for certain personal property which she had sold or was in the process of selling. Upon service of the complaint on July 19, 1976, the complaint having been filed on Mr. Ashton's behalf by Attorney Lawrence Zewe, Mrs. Ashton promptly retained Mrs. June Schulberg as counsel. Attorney Zewe had previously represented both Mr. and Mrs. Ashton in legal affairs relating to real estate and taxation; hence, by letter dated July 22, 1976, Attorney Schulberg, referring to a previous telephone conversation with Attorney Zewe, requested that he withdraw as counsel for plaintiff because of his potential, if not manifest, conflict of interest. Thereafter, on August 6, 1976 Attorney Schulberg entered her appearance for Mrs. Ashton and so notified Attorney Zewe of that fact. By

letter dated August 31, 1976, Mr. Zewe thanked Mrs. Schulberg for notifying him of her appearance, indicated that another lawyer, Mr. Krosnoff, had also filed an appearance on Mr. Ashton's behalf and stated that he, Attorney Zewe, would soon "formally" withdraw his appearance. Following this correspondence there were no conversations or correspondence of record between counsel for the parties. Although Mrs. Schulberg did not file an answer to the complaint, neither did Attorney Zewe formally withdraw his appearance as promised. Mrs. Schulberg did not discuss the case with Mr. Krosnoff because, she averred, attempts to locate him were fruitless; his office was not listed in the Washington County telephone directory.

As indicated, the matter lay dormant for several months until November 12, 1976, when Mr. Ashton's third lawyer, Gordon Harrington, entered an appearance on Mr. Ashton's behalf and simultaneously filed a praecipe to enter judgment by default for plaintiff. At no time did any of the counsel for plaintiff indicate an intention to take a judgment for want of an answer, nor did Attorney Zewe formally withdraw his appearance as promised. After returning from a professional convention in Bermuda, Mrs. Schulberg learned of the default judgment and promptly filed a motion to strike or open the judgment. In the petition Mrs. Schulberg averred the foregoing facts to excuse her delay in filing an answer to the complaint, and, in defense to the equity action on the merits, alleged that Mrs. Ashton held a valid deed to the property which had been conveyed to her for a valuable consideration; to wit, a series of loans extended to Mr. Ashton by Mrs. Ashton.

Following a hearing on December 20, 1976 wherein counsel argued their respective views regarding the merits of the motion to open, and submitted briefs in support of their positions, the court denied the motion. In its opinion the court set forth a variety of reasons for its refusal to strike or open the judgment. First, the court stated that Attorney Schulberg failed to avail herself of the opportunity to file depositions or interrogatories in support of her motion to

strike or open. Hence, pursuant to Pa.R.Civ.P., Rule 209, facts which plaintiff disputed in the answer to the motion to strike or open were deemed admitted by defendant, Mrs. Ashton. However, the court limited the application of Rule 209 to the motion to strike as, indeed, the salient facts with respect to the motion to open were either supported by exhibits or admitted by plaintiff. Attorney Schulberg had attached as an exhibit Attorney Zewe's letter stating his intention to withdraw his appearance, and the fact that his appearance was never withdrawn was a matter of record. Mrs. Schulberg's prompt entrance of her appearance on Mrs. Ashton's behalf was also a matter of record. And, finally, plaintiff admitted in his answer that at no time was Mrs. Schulberg notified of plaintiff's intention to take a default judgment. Nevertheless, with regard to the motion to open the lower court found that, although it had been timely filed, Mrs. Schulberg had neither reasonably excused her delay in filing an answer nor adequately set forth a meritorious defense. *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Metropolitan Fed. Savings & Loan Ass'n v. Bailey*, 244 Pa.Super. 452, 368 A.2d 808 (1976). In my estimation the court too stringently applied these criteria and, therefore, abused its discretion in refusing to open the judgment.

It is true, of course, that a petition to open judgment is addressed to the equitable powers of the court and the court's decision will not be disturbed on appeal in the absence of a clear or palpable abuse of discretion. *Carducci v. Albright Galleries, Inc.*, 244 Pa.Super. 48, 366 A.2d 577 (1976). See also *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). However, the exercise of equitable powers implies the obligation for the court to consider equities which militate in favor of opening a default judgment and to act with the conscience of a court of equity. *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970). In this regard, foremost in the court's mind should be the law's principal purpose in permitting judgments by default to be taken. As we stated in *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 445, 368 A.2d 802, 804 (1976):

"The purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation. *Kraynick v. Hertz,* supra [443 Pa. 105, 277 A.2d 144 (1971)]; *Slott v. Triad Distributors, Inc.,* 230 Pa.Super. 545, 327 A.2d 151 (1974)."

In light of the purpose of default judgments, this court has indicated on numerous occasions in the past that judgments taken without notice to opposing counsel of plaintiff's intention to do so are looked upon with disfavor. See, e. g., *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. at 445, n. 2, 368 A.2d 802; *Williams v. Allegheny Union Plaza, Inc.,* 231 Pa.Super. 170, 332 A.2d 493 (1974); *Highway Equipment Co. v. Hamlin Coal Co.,* 230 Pa.Super. 311, 326 A.2d 570 (1974); *Silverman v. Polis,* 230 Pa.Super. 366, 326 A.2d 452 (1974). In the instant case, plaintiff's third counsel, Mr. Harrington, entered his appearance and took judgment on the same day, despite the fact that plaintiff had never communicated an intention to take judgment if, indeed, he had communicated at all with counsel for defendant during the several months which had previously elapsed. As we stated in *Silverman v. Polis,* 230 Pa.Super. at 370–71, 326 A.2d at 454–55:

"One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment . . . .

. . . . .

[I]t is patently obvious that attempts to utilize every niggling procedural point for maximum advantage demean the legal profession, reducing its procedures to a vulgar scramble. No doubt it is for this reason that in so many cases, notice of intent to take a default judgment, or the

lack thereof, is properly made a significant factor in reaching a just decision."

Furthermore, in the instant case the injustice of not opening the default judgment is exacerbated by the dilatoriness of Attorney Zewe, plaintiff's initial counsel. From the outset Attorney Schulberg indicated that defendant's position might be jeopardized by confidential communications which Attorney Zewe received while acting as counsel for both parties. For this reason Attorney Schulberg requested that Mr. Zewe withdraw his appearance. Despite his promise to do so, he never did, at least not before judgment was taken. In light of Mr. Zewe's promise to withdraw his appearance, Mrs. Schulberg was entitled to assume that the case would proceed no further until the withdrawal was effected. Because Mrs. Schulberg's inaction was induced in part by the conduct of Mr. Zewe, the instant case is not markedly different from *Good v. Sworob*, 420 Pa. 435, 218 A.2d 240 (1966), where the Supreme Court affirmed the lower court's opening a judgment taken by default because not to do so would have been "manifestly unfair." See also Code of Professional Responsibility of the American Bar Association, incorporated in the Pennsylvania Rules of Court, Canon 7, EC 7–38 & DR 7–106(C)(5). For these reasons, plaintiff-appellant sufficiently explained her delay in filing an answer, and the lower court erred in ruling to the contrary.

■ Finally, appellant sufficiently complied with her obligation to set forth a meritorious defense. As stated above, the instant suit is an action in equity to set aside a deed and for an accounting. In substantial part plaintiff alleges that he was falsely induced to convey his interest in the entireties property to his wife; in other words, he seeks to set aside the conveyance for fraud or lack of consideration. In defendant's motion to open judgment she avers that the deed conveyed to her was valid on its face and the conveyance occurred as a partial repayment for a series of loans which

she had previously extended to plaintiff. The court, citing *Slott v. Triad Distributors, Inc.*, 230 Pa.Super. 545, 327 A.2d 151 (1974) found this averment to lack the requisite particularity to support a motion to open. Once again, we disagree and find the court abused its discretion. The particularity required in averring a meritorious defense is not tantamount to trying the case on the merits. *Alexander v. Jesray Const. Co.*, 237 Pa.Super. 99, 104, 346 A.2d 566 (1975); *Cherry Steel Corp. v. Ashbourne Country Club*, 227 Pa.Super. 433, 323 A.2d 231 (1974). Practically speaking, the specificity with which a defense to a claim can be pleaded, in most instances, will vary directly with the ambiguity or particularity of the complaint. In the instant case the complaint alleged fraud based upon misrepresentations. Appellant's defense alleged a valid conveyance based upon a valuable consideration—loans extended to the plaintiff. Obviously, this is a substantial rather than a "technical" defense. Compare *Stein v. Greene*, 178 Pa.Super. 464, 116 A.2d 308 (1955). And, if the facts which support it are proved at trial, defendant will prevail. See *Cherry Steel Corp. v. Ashbourne Country Club*, supra. As our Supreme Court has said, "the word 'fraud' is a generic term which embraces a great variety of actionable wrongs." *La Course v. Kiesel*, 366 Pa. 385, 391, 77 A.2d 877, 881 (1951). Hence, by its very nature fraud ordinarily does not admit of a concise and specifically articulable defense. In the instant case, the facts underlying appellant's defense were averred with no less particularity than was appellee's complaint, so the court erred in finding that it lacked sufficient particularity to justify opening the default judgment.

For the foregoing reasons, the order of the lower court is reversed, the judgment entered for appellee is opened and the case is remanded for further proceedings not inconsistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.