## N. K. Wendelboe Co. v. Cobb

*William R. Mervine*, for plaintiff.
*H. Robert Hampson*, for defendants.

WOLFE, *P.J.*, May 14, 1979—Plaintiff has filed a petition to open a judgment of non pros filed against it for failure to file a complaint after defendants had perfected an appeal from entry of judgment against them by a district magistrate. Defendants' notice of appeal was served on an employe of plaintiff at plaintiff's place of business. Plaintiff neglected to file the complaint within the time required by Pa.R.C.P.J.P. 1004B and defendants entered judgment without giving any notice to plaintiff of the intent to do so. Plaintiff was not represented by counsel when the judgment was entered.

There is no doubt that the rule served upon plaintiff directed plaintiff to file a complaint within 20 days after date of service of the rule and in default thereof a judgment of non pros would be entered. Nonetheless plaintiff argues the employe, although admitting service of the rule, did not understand the meaning thereof and consequently took no action. Plaintiff acted immediately after receipt of notice of entry of judgment by filing the petition to open.

Although our appellate courts have not said so directly there appears to be little doubt that before a default judgment may be entered some type of notice must be given to defendant that judgment will be taken by default. The latest case we have located that at least infers this and reaffirms prior decisions is Brooks v. Surman Dental Lab, Inc., _____ Pa. Superior Ct. _____, 396 A. 2d 799 (1979) stating:

"We note in closing that once again, appellees' counsel failed to give any notice to appellants of an intent to enter a default judgment. Although the Rules Of Civil Procedure do not contain a notice

requirement, we have repeatedly chastised counsel for failing to accord that courtesy. In Silverman v. Polis, 230 Pa. Super. 366, 370-71, 326 A. 2d 452, 454-55 (1974), Judge Cercone wrote for a majority of this court: 'One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment. [Citations omitted]'"

The apparent difference between the instant case and those cited is that plaintiff was not represented by counsel and thus defendants' attorney had no alternative but to serve the plaintiff directly at its place of business. Likewise the warning that judgment would be entered if the complaint was not filed within 20 days is very apparent if it had been read and if not fully understood certainly should alert one that some action would have to be taken within the period. Nonetheless, if our appellate courts are currently holding, when there is, in fact, counsel representing the opposing party, that he must receive notice of intent to enter a default judgment against his client how can we then lower the standard when the opposing party is not represented by counsel? We believe the answer is obvious, to wit, the mere serving of formal form notice is insufficient. In this regard we believe the only method to settle the matter is for appellant not only to serve the notice as the rule requires and after the 20 days have expired to again notify the intent to enter the judgment. We recognize that this has the practical effect of extending the time to file the complaint or take other action that is necessary and thus the rule is completely deteriorated and of little

value. Nonetheless, this is the current status of the law which we are required to follow.

Here, plaintiff has acted promptly in retaining counsel and filing the petition to open.

For these reasons we enter the following

## ORDER

And now, May 14, 1979, the petition to open judgment of non pros is granted and plaintiff is granted leave to file a complaint within ten days from the date hereof.

The costs incurred by reason of the filing of all pleadings relevant to the petition to open is placed upon plaintiff.