## Snyder v. Lecker

*Elizabeth Cunningham*, for plaintiff.

*John R. Fernan* and *James R. Miller*, for defendant.

REILLY, *P.J.*, January 27, 1981—This matter comes before the court upon petition by defendant Insurance Company of North America to open a default judgment entered against it by plaintiff. From the record, it appears that on or about May 15, 1980, plaintiff commenced the above suit in the form of a suit in assumpsit and on or about June 17, 1980 counsel entered appearances for defendant Insurance Company of North America and on July 14, 1980 ruled plaintiff to file its complaint. On August 12 of that year, defendant Insurance Company of North America was served with plaintiff's complaint and the next day counsel for said defendant requested 30 days' extension of time in which to file his responsive pleadings, which was granted by plaintiff.

According to defendant, due to difficulty in locating its file and to secure necessary signatures, it was necessary to seek additional time following the 30-day extension and for that purpose counsel tele-

phoned plaintiff's counsel, stating that the responsive pleadings might not be filed until a few days beyond the extension. Further, plaintiff's counsel at no time raised any objections to filing beyond the 30-day extension period, nor was counsel for defendant advised that the 30-day extension would be strictly enforced. However, before such pleadings could be filed, counsel for plaintiff took default judgment approximately six days after the expiration of the 30-day extension. Hence, this petition to open. This court is of the opinion that defendant Insurance Company of North America's position must be sustained.

Insurance Company of North America first objects to the entry of default judgment without notice to it. However, this court is satisfied that under Pa.R.C.P. 237.1(a) such notice is not required in this case in view of the agreement to extend the time for filing. However, this court firmly believes that the interests of justice require that the judgment be opened. As stated by the Superior Court in Ashton v. Ashton, 257 Pa. Superior Ct. 134, 139, 390 A. 2d 282 (1978):

"'The purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation." Citing Kraynick v. Hertz, 443 Pa. 105, 277 A. 2d 144 (1971) and Slott v. Triad Distributors, Inc., 230 Pa. Superior Ct. 545, 327 A. 2d 151 (1974).

In the instant case, it can hardly be claimed that defendant was impeded in establishing her claim. Moreover, no prejudice has resulted to plaintiff as a

result of the additional delay in filing an answer, and further, defendant Insurance Company of North America promptly petitioned to open upon learning thereof. Moreover, defendant Insurance Company of North America, in its petition to open, has alleged a defense to the action which if sustained would relieve it from any financial responsibility.

Wherefore, this court is of the opinion that in the interests of justice the following order must be entered.

## ORDER

Now, January 27, 1981, it is the order of this court that default judgment entered by plaintiff above-named against defendant Insurance Company of North America be and is hereby opened and defendant permitted to defend the claim.

It is the further order of this court that said defendant shall file responsive pleadings within 20 days from date hereof.