455 A.2d 149

**Robert W. SCHULTZ**

**v.**

**ERIE INSURANCE EXCHANGE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1981.

Filed Jan. 14, 1983.

Petition for Allowance of Appeal
Granted May 18, 1983.

---

Mark R. Bosniak, Philadelphia, for appellant.

James F. Mundy, Philadelphia, for appellee.

Before CERCONE, P.J., and HESTER and McEWEN, JJ.

HESTER, Judge:

We here review an appeal from an order denying a petition of appellant to open a default judgment entered against it in an action in assumpsit for failure to comply with the Pennsylvania No-Fault Act.

Appellant was served with the complaint in assumpsit at its Erie, Pennsylvania office on February 14, 1979. Appellee provided for the entry of a default judgment in favor of the plaintiff twenty-eight days thereafter, on March 14, 1979. Appellant proceeded to secure representation, but the matter was not received in the office of its Philadelphia County counsel until March 8, 1979, twenty days after service. While counsel for appellant acted on March 15, 1979 to secure a routine extension, that effort was delayed by administrative difficulties in the office of appellant's counsel until March 26, 1979. Counsel for appellant learned of the default judgment on March 28 and proceeded to file the petition to open, although it is not clear as to whether that petition was filed on March 30, 1979, as alleged by counsel for appellant, or on April 10, 1979, as alleged by counsel for appellee, or April 12, 1979, as reflected by the docket.

■ The parties agree that a petition to open a judgment is addressed to equity and is a decision within the judicial discretion of the chancellor who must be persuaded by the petitioner that three prerequisites have been fulfilled: (1) the petition to open must have been promptly filed; (2) the petitioner must show a meritorious defense; and (3) the petitioner must provide a reasonable explanation for the failure to file an answer in timely fashion. *Commonwealth v. Dept. of Transp. v. Nemeth*, 497 Pa. 580, 442 A.2d 689 (1982); *Balk v. Ford Motor Corp.*, 446 Pa. 137, 285 A.2d 128 (1971); *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971).

While the parties differ as to the date upon which counsel for appellant initiated the proceedings to open the judgment, we share the conclusion of the chancellor, the Honor-

able Edward Rosenwald, that the petition to open was promptly filed.

A review of the claim of appellee and the purported defense indicates there is a valid legal dispute between the parties. While appellee dismisses the claimed defense as meritless, appellant fervently contends the defense is not only meritorious but is absolute. An examination of the defense reveals that a trial court will be confronted with issues concerning statutory interpretation of the no-fault laws of both Pennsylvania and also New Jersey and as well with the need to rule upon issues involving conflicts of law.

The remaining requirement, namely, that the petitioner provide a reasonable explanation for his failure to file an answer in timely fashion, requires the chancellor to carefully engage in his most basic duty—a balancing of the equities. It is true that appellant did not proceed in expeditious fashion to refer the matter to counsel and again failed to proceed with dispatch to notify its counsel of the default judgment. On the other hand, appellee had engaged in discussions with officials of appellant concerning the claim and knew, as is clear from the letter of December 22, 1978, from appellant to counsel for appellee, that appellant was convinced of the validity of the defense that we earlier mentioned. It is also likely that counsel for appellee was aware when the complaint was filed of the identity of counsel whom the appellant would select. In any event, appellee entered the default on the twenty-eighth day, without any prior attempt to communicate with appellant, without any prior attempt to determine the identity of counsel for appellant and then communicate with such counsel as to the reason for any delay by appellant, and without any notice to appellant of an intent to proceed to default.[1]

A petition to open judgment is addressed to the equitable powers of the court and the court's decision will

---

1. It is to be noted that the default judgment taken in the present case was filed prior to the enactment of Pa.R.C.P. § 237.1 which requires that the notice of intention to file the praecipe for entry of default judgment be sent to both the adverse party and his attorney.

not be disturbed on appeal in the absence of a clear or palpable abuse of discretion. *Ashton v. Ashton,* 257 Pa.Super. 134, 138, 390 A.2d 282, 284–285 (1978); *Carducci v. Albright Galleries, Inc.,* 244 Pa.Super. 48, 366 A.2d 577 (1976). *See also McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973); *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971). However, the exercise of equitable powers implies the obligation of the court to consider equities which militate in favor of opening a default judgment and to act with the conscience of a court of equity. *Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970); *Ashton v. Ashton,* 257 Pa.Super. 134, 138, 390 A.2d 282, 285 (1978). In this regard, foremost in the court's mind should be the law's principal purpose in permitting judgments by default to be taken. As we stated in *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. 441, 445, 368 A.2d 802, 804 (1976):

> "The purpose of the rule in authorizing the entry of default judgment is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation. *Kraynick v. Hertz, supra* [443 Pa. 105, 277 A.2d 144 (1971)]; *Ashton v. Ashton,* 257 Pa.Super. at 139, 390 A.2d at 285; *Slott v. Triad Distributors, Inc.,* 230 Pa.Super. 545, 327 A.2d 151 (1974)."

In light of the purpose of default judgments, this Court has indicated on numerous occasions in the past that judgments taken without notice to opposing counsel of plaintiff's intention to do so are looked upon with disfavor. *See,* e.g., *Ashton v. Ashton,* 257 Pa.Super. at 139, 390 A.2d at 285; *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. at 445 n. 2, 368 A.2d 802 n. 2; *Williams v. Allegheny Union Plaza, Inc.,* 231 Pa.Super. 170, 332 A.2d 493 (1974); *Highway Equipment Co. v. Hamlin Coal Co.,* 230 Pa.Super. 311, 326 A.2d 570 (1974); *Silverman v. Polis,* 230 Pa.Super. 366, 326 A.2d 452 (1974). In the instant case, as previously

stated, appellee entered the default on the twenty-eighth day, without any prior attempt to communicate with appellant, without any prior attempt to determine the identity of counsel for appellant and then communicate with such counsel as to the reason for any delay by appellant, and without any notice to appellant for an intent to proceed to default. As we stated in *Silverman v. Polis*, 230 Pa.Super. at 370–71, 326 A.2d at 454–55:

> "One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment . . . .
>
> .　　.　　.　　.　　.
>
> [I]t is patently obvious that attempts to utilize every niggling procedural point for maximum advantage demean the legal profession, reducing its procedures to a vulgar scramble. No doubt it is for this reason that in so many cases, notice of intent to take a default judgment, or the lack thereof, is properly made a significant factor in reaching a just decision."

Here, appellant has satisfied all three requirements for opening a default judgment in an assumpsit action. Further, we, like the courts in *Ashton, Moyer, Williams, Highway Equipment Co.,* and *Silverman* must look in disfavor upon default judgments taken without notice to opposing counsel. Also, the upholding of the default judgment by the lower court does not advance the purpose of the rules authorizing the entry of default judgments.

We, therefore, conclude that the lower court abused its discretion when it refused appellant's petition to open judgment. Accordingly, the lower court's order refusing to open the default judgment is reversed.

Order reversed.

McEWEN, J., files a dissenting statement.

McEWEN, Judge, dissenting:

While the majority has provided a thorough analysis and a clear statement of position, I must nonetheless, very respectfully, dissent. As disposed as an appellate court might be to conclude that the petitioner had a meritorious defense and that the petitioner has provided a reasonable explanation for failure to file a timely answer, an appellate court may not reverse the ruling of the chancellor unless there is a clear, manifest abuse of discretion. *Balk v. Ford Motor Company*, 446 Pa. 137, 285 A.2d 128 (1971); *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971). Therefore, while there may be a sound basis for findings contrary to the conclusions of the chancellor, this court has a limited scope of review and I cannot pronounce as a conclusion that the decision of the Common Pleas Court was a clear, manifest abuse of discretion. For that reason, I would affirm the order of the distinguished Judge Edward Rosenwald.