368 A.2d 1297

Catherine NEVILS, Appellee,

v.

Aldon CHERNITSKY, t/a Blake Home
Improvements, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 16, 1976.

Decided Dec. 15, 1976.

502

Michael H. Yanoff, Norristown, with him Norman Ashton Klinger, Norristown, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order dismissing a petition to open a default judgment.

Appellant, Aldon Chernitsky, over the course of three years contracted with appellee Catherine Nevils for vari-

ous repairs and improvements to appellee's home. On June 3, 1975, a complaint was filed by appellee alleging appellant failed to perform or to properly perform certain of these repairs and improvements and claiming damages of $1,850.00. The complaint was served on June 15, 1975, and on July 16, 1975, a default judgment was entered against appellant for failure to file an answer. Appellant, a Philadelphia resident, had accompanied his wife, who required medical treatment, to Hazelton, Pennsylvania. When he returned August 1, 1975, he discovered the notice of the default judgment against him. He sought the advice of an attorney who told him not to worry about the judgment since all his property was held by the entireties. Appellant, himself, was hospitalized from October 6 through October 16, 1975 and then confined to his home with a heart condition. Although the assessment of damages hearing on the default judgment was held October 16, 1975, appellant's petition to open was not filed until November 20, 1975. An answer to the petition was filed December 5, 1975 and on December 18, 1975 the petition was dismissed.

Since he had given notice of his intent to file depositions, appellant claims the court below erred when it dismissed his petition to open thirteen days after the answer had been filed, without benefit of a hearing in compliance with Pa.R.C.P. 209 on disputed issues of fact raised in the petition and answer.

■■ As it has been repeatedly stressed by our Supreme Court and by this court, a petition to open a judgment is a matter of judicial discretion, an appeal to the equitable powers of the court. This power will be exercised where three factors coalesce: (1) the petition to open has been promptly filed; (2) a meritorious defense has been shown; (3) the failure to file a timely answer has been reasonably explained or excused. The ruling of the lower court opening or refusing to open will not be reversed unless an error of law or a clear, manifest

504

abuse of discretion is shown. *McCoy v. Public Accept-ance Corp.*, 451 Pa. 495, 305 A.2d 698 (1975); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Campbell v. H. Homes, Inc.*, 233 Pa.Super. 366, 335 A.2d 371 (1975).

■ ■ Although this was a "snap" judgment, taken on the twenty-first day after service of the complaint, and such judgments are not generally favored by our courts, even a "snap" judgment will not automatically be opened. A petition to open remains an appeal to the discretion of the court, and all three of the above-mentioned factors must be present before the court will open the judgment. If appellant could have established the averments in his petition, he may have been able to demonstrate a reasonable excuse for the failure to file an answer, and a meritorious defense. However, appellant clearly failed to meet the first requirement that the petition to open must be promptly filed. The petition was filed on November 20, 1975, four months after the judgment and five weeks after the assessment of damages hearing. In his petition, appellant explains the delay as due to the advice of an attorney he consulted after he received notice of the default judgment. According to the petition, the attorney told him in essence that he was judgment proof; since all his property was held by the entireties, he need not do anything about the judgment. Apparently, appellant accepted this advice and took no further action until several months later. As the court below correctly characterized appellant's conduct, it was a deliberate decision not to defend and as such is not a reasonable excuse for the delay in filing the petition to open. *Kanai v. Sowa,* 109 Pa.Super. 426, 167 A. 429 (1933).

For the foregoing reasons the judgment is affirmed.
PRICE, J., dissents.