393 A.2d 1219

**REED SHAW STENHOUSE OF PENNSYLVANIA, INC.,
formerly known as Insurance Consultants, Inc., Appellee,**

**v.**

**J. A. NEISER COMPANY, Allied Craftsmen, Inc. and Julius
Neiser, Individually, Appellants.**

Superior Court of Pennsylvania.

Argued April 10, 1978.

Decided Oct. 20, 1978.

Joseph A. Steedle, Pittsburgh, for appellants.

Stephen J. Laidhold, Pittsburgh, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from two Orders of the Court of Common Pleas of Allegheny County, Pennsylvania. The first, under date of July 14, 1977 [1] dismissed the heretofore issued Rule (dated April 21, 1977) to show cause why the default

1. By the Honorable Ralph H. Smith, Jr.

judgment entered against appellants on April 12, 1977, should not be opened and appellants let into a defense. The second, under date of July 28, 1977,[2] denied appellants' Motion to Strike Judgment.

The facts are as follows: Appellee filed a complaint in assumpsit against appellants on February 28, 1977. Service of process was duly made upon each appellant on March 22, 1977.

On April 12, 1977, the twenty-first day following service, a default judgment was entered upon praecipe against the appellants in the amount of $9,478.00, together with interest and costs.

On April 21, 1977, a rule to show cause issued why the judgment taken by default should not be opened and appellants let into a defense.

On May 23, 1977, the deposition of the individual appellant was taken, the official transcript filed, oral argument followed, and on July 14, 1977, the lower court entered its order dismissing the previously issued rule to show cause. Thereafter this appeal.

A petition to open a judgment taken by default is an appeal to the equitable and discretionary powers of the court. Each such petition must stand on its own peculiar set of operative facts. In order for the court to exercise its discretion and open a judgment taken by default in an assumpsit action, three factors must coalesce: (1) The petition to open must be promptly filed; (2) A meritorious defense must be shown; and (3) The moving party must reasonably explain its failure to timely file a responsive pleading. Moreover, "the ruling of the lower court opening or refusing to open will not be reversed unless an error of law or a clear, manifest abuse of discretion is shown." *Nevils v. Chernitsky,* 244 Pa.Super. 501, 368 A.2d 1297, 1298

2. By the Honorable Silvestri Silvestri.

(1976); *Williams v. Allegheny Union Plaza, Inc.,* 231 Pa.Super. 170, 332 A.2d 493 (1974); *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973); *Sprouse v. V.F.W. Post 7155,* 237 Pa.Super. 419, 352 A.2d 134 (1975); and a myriad of others.

In the instant case, we find the court below did not abuse its discretion in refusing to make its rule absolute and in refusing to open the default judgment.

Here, as in *Nevils v. Chernitsky,* supra, appellee took judgment by default for want of a responsive pleading on the twenty-first day following service—the first day available for the entry of a default judgment. (Pa.R.C.P. 1037(b) and 1018.1).

The courts of the Commonwealth of Pennsylvania generally view with disfavor the taking of "snap" judgments. *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971).

Although this was a "snap" judgment, taken on the twenty-first day after service of the complaint, and such judgments are not generally favored by our courts, even a "snap" judgment will not automatically be opened. A petition to open remains an appeal to the discretion of the court, and all three of the above-mentioned factors must be present before the court will open the judgment. *Nevils v. Chernitsky,* supra, 244 Pa.Super. 504, 368 A.2d page 1298.

In the instant case, however, appellants have failed to satisfy two of the three essential criteria in order to open a default judgment. At deposition, appellant Julius Neiser, in his three-fold capacity as an individual, as President and major shareholder of appellant J. A. Neiser Company, and as Treasurer and major shareholder of appellant Allied Craftsmen, Inc., failed to demonstrate the existence of a meritorious defense:

Q "Why didn't J. A. Neiser Company pay its insurance policy?"

A  "Because we (J. A. Neiser Company) didn't have any money for one thing  .  .  .." (T. 65a)

Appellants similarly failed to reasonably explain its failure to file a timely responsive pleading:

Q  ".  .  ... Do you plead that you met with your attorney on April 14, 1977 in which an Answer was made? What did you do prior to that date to get an Answer filed or do whatever was necessary to answer this Complaint?"

A  "I don't recall anything that was done, mentioned or anything up to that point."

Q  "Do you recall talking to me and making an appointment with me?"

A  "Yes. After I received the Sheriff's whatever they call it, Assumpsit."

Q  "And was there a postponement on that meeting because of something?"

A  "I understand that there was for some reason. I don't know." (T. 40a)

Accordingly, appellants' appeal from the lower court's Order of July 14, 1977, refusing to open the default judgment taken against them, is denied.

Further, we find appellants' second appeal—this one from the lower court's Order dated July 28, 1977 denying appellants' Motion to Strike Judgment, similarly without merit.

SPAETH, J., files a dissenting statement.

HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting.

I would open the judgment as to appellants, Allied Craftsmen, Inc., and Julius Neiser.