Harry S. Vrahas and Sophie Vrahas, husband and wife, Petitioners *v.* Robert B. Challinor and Richard Jacobs, Respondents.

Argued September 18, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Richard I. Schubert,* with him *Irving M. Portnoy, Litman, Litman, Harris & Specter, P.A.,* for petitioners.

*James F. Israel, Trushel, Wood and Israel,* for respondents.

OPINION BY JUDGE PALLADINO, December 11, 1981:

Petitioners, Harry S. Vrahas and Sophie Vrahas, husband and wife, appeal from an order of the Administrator for Arbitration Panels for Health Care (Administrator) granting the Petition to Open and Set Aside Default Judgment of Respondents, Dr. Robert B. Challinor and Dr. Richard Jacobs. We affirm.

A complaint in trespass was filed with the Arbitration Panels for Health Care on May 4, 1979, alleging that Respondents, who are doctors practicing together as members of a medical corporation with common office personnel, failed to obtain informed consent for surgery. Dr. Challinor was served with a copy of the complaint by certified mail on May 7, 1979, and Dr. Jacobs was served in the same manner on May 11,

1979. Neither Respondent entered an appearance nor filed an answer to the complaint, and on March 11, 1980, Notice of Intent to Take Default Judgment was sent by certified mail to each of the Respondents. Despite the sending of the notice, Respondents took no action and on March 24, 1980, a default judgment was entered in favor of Petitioners on the issue of liability. Notice of the default judgment was sent to Respondents on April 4, 1980, whereupon they contacted their insurance carrier who procurred counsel to defend the action. Attempts to negotiate an amicable removal of the default judgment were unsuccessful and a Petition to Open and/or Strike Default Judgment was subsequently granted by the Administrator on September 15, 1980.

Petitioners claim that Respondents offered no reasonable excuse for their failure to respond to the complaint or their failure to respond to the Notice of Intent to Take Default Judgment, and that the Administrator committed an abuse of discretion in opening the judgment.[1]

A petition to open a default judgment is an appeal to the equitable powers of the court and is a matter of judicial discretion. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). "The ruling of the lower court opening or refusing to open will not be reversed

---

[1] Petitioners contest neither the promptness of the filing of the Petition to Open and/or Strike Default Judgment nor the Administrator's finding that a defense on the merits was shown to exist so we need not address those issues in this opinion. Petitioners, however, do make the argument that, because they served Respondents with a Notice of Intent to Take Default Judgment more than ten days prior to the entry of the judgment, they have strictly complied with the requirements of Pa. R.C.P. 237.1 and therefore the Administrator was prohibited from opening the judgment. We reject this argument. Pa. R.C.P. 237.1 merely formalizes what was the preferred practice prior to the rule's effective date, February 1, 1980, *Cruse v. Woods*, Pa. Superior Ct. , 420 A.2d 1123 (1980).

unless an error of law or a clear, manifest abuse of discretion is shown."[2] *Nevils v. Chernitsky*, 244 Pa. Superior Ct. 501, 503-4, 368 A.2d 1297, 1298 (1976). In making its determination as to whether a lower court has abused its discretion, an appellate court looks to see whether three factors have coalesced: (1) there is a satisfactory explanation for why the defendant failed to act prior to the entry of judgment; (2) the petition to open has been promptly filed; and (3) a defense on the merits is shown to exist.[3] *Shainline v. Alberti Builders, Inc.*, 266 Pa. Superior Ct. 129, 403 A.2d 577 (1979).

The record in this case shows that Respondents, pursuant to their normal procedure, upon receipt of the complaint forwarded it and the appropriate medical records to their insurance carrier. Unknown to Respondents, however, the insurance carrier had moved its offices from the address to which Respondents had sent the complaint and it was returned to the office of Respondents as undeliverable. Office personnel then placed the returned envelope with Petitioner-husband's record without notifying Respondents.

The Office Manager was absent the day the Notice of Intention to Take Default Judgment was received

---

[2] An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misplaced, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused. . . .
*Saint Vladimir Ukrainian Orthodox Church v. Preferred Risk Mutual Insurance Co.*, 239 Pa. Superior Ct. 492, 497, 362 A.2d 1052, 1056 (1976) (quoting *Garrett's Estate*, 335 Pa. 287, 293, 6 A.2d 858, 860 (1939)).

[3] If the equities are otherwise clear, the defendant in a trespass case is excused from meeting the requirement that a defense on the merits be shown to exist. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971).

148

and the handling of the mail was left to members of the staff who did not usually perform that task. Dr. Challinor's copy was placed with the patient's records. Dr. Jacobs' copy of the notice was placed on his desk unopened and he left for a two and one-half week vacation without seeing it until his return.

The Administrator's finding that "the errors were by clerical personnel inexperienced with litigation" are supported by the evidence. Under these circumstances, we are unable to find that the Administrator committed either an abuse of discretion or an error of law in opening the judgments. *Shainline; Maruccio v. Houdaille Industries, Inc.*, 254 Pa. Superior Ct. 560, 386 A.2d 91 (1978). Accordingly, we enter the following:

ORDER

AND Now, December 11, 1981, the Opinion and Order of the Administrator for Arbitration Panels for Health Care in the above-captioned matter, No. M79-0437, dated September 15, 1980, is hereby affirmed.