J-A20043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| 1833 S. 22ND, LLC, 1931 BEECHWOOD, LLC, 2109 PIERCE, LLC, 5102 LARCHWOOD, LLC, 2224 CROSS, LLC, THEOLEV, LLC, VCPMAJEM, LLC, VCPMDM, LLC, VCPEM, LLC, CHAPEYLEV, LLC, 2115 63RD, LLC, EMMM INVESTEMENTS, LLC, MAJEM HOLDINGS, LLC, LEVENTURES, LLC, SAG MANAGEMENT, LLC, 1826 FERNON, LLC, 2023 OPAL, LLC, 2111 PIERCE, LLC, 2113 PIERCE, LLC, 1701 POINT BREEZE, LLC, 2210 SIGEL, LLC, 2212 SIGEL, LLC, 5035 SPRINGFIELD, LLC, 4815 WALTON, LLC, 2821 WINTON, LLC, 1932 BEECHWOOD, LLC, 1831 S. 22ND, LLC, 2410 MIFFLIN, LLC, 5252 CEDAR, LLC, 1945 WOODSTOCK, LLC, 2209 SIGEL, LLC, 1535 WOODSTOCK, LLC, 1515 LAMBERT, LLC, 1941 PIERCE, LLC, 1538 S. TANEY, LLC, 2830 WINTON, LLC, MICHAEL MILLER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | No. 3238 EDA 2024 |
| VIRTU CAPITAL PARTNERS, ICON CONSTRUCTION GROUP, LLC, ICON REALTY GROUP, ICON REALTY GROUP, LLC, KENNAI VC INVESTMENTS, LLC, AZKICKER, LLC, KENNAI MDM INVESTMENTS, LLC, TIMOTHY LEBOLD, KUDOS REAL ESTATE, LLC | |
| APPEAL OF: TIMOTHY LEBOLD | |

Appeal from the Order Entered October 21, 2024

In the Court of Common Pleas of Philadelphia County Civil Division at No(s): 210400098

BEFORE:   MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 27, 2026**

Timothy Lebold, one of several defendants in this case, appeals the denial of his petition to strike/open the default judgment entered in the Court of Common Pleas of Philadelphia County.  Lebold raises challenges to: (1) effective notice of the default judgment; (2) the trial court's order for Lebold to retain counsel or be subject to default; (3) the court's conclusion that Lebold failed to satisfy the three prongs necessary for opening a default judgment; and (4) the denial of his continuance request of the assessment of damages hearing.  We find no relief is due and, therefore, affirm.

The trial court set forth the facts of this case as follows:

Plaintiffs and Counterclaim Defendants 1833 S. 22nd LLC, 1931 Beechwood LLC, 2109 Pierce LLC, 5102 Larchwood LLC, 2224 Cross LLC, 1826 Fernon LLC, 2023 Opal LLC, 2111 Pierce LLC, 2113 Pierce LLC, 1701 Point Breeze LLC, 2210 Sigel LLC, 2212 Sigel LLC, 5035 Springfield LLC, 4815 Walton LLC, 2821 Winton LLC, 1932 Beechwood LLC, 1831 S 22nd LLC, 2410 Mifflin LLC, 5252 Cedar LLC, 1945 Woodstock LLC, 2209 Sigel LLC, 1535 Woodstock LLC, 1515 Lambert LLC, 1941 Pierce LLC, 1538 S Taney LLC, 2830 Winton LLC, Michael Miller, THEOLEV LLC, VCPMAJEM LLC, VCPMDM LLC, VCPEM LLC, and CHAPEYLEV LLC ("Plaintiffs") commenced this action in April 2021 for breach of contract, fraudulent misrepresentation, negligent misrepresentation, negligence, conversion, unjust enrichment, piercing the corporate veil, and accounting[,] based on an alleged fraudulent scheme perpetrated by [] Lebold and entities he

_____

[*] Retired Senior Judge assigned to the Superior Court.

controlled stemming from a real estate venture between [] Lebold and [] Miller.

Since the commencement of the proceedings, [Virtu Capital Partners, Icon Construction Group, LLC, Icon Realty Group, Icon Realty Group, LLC, Kennai VC Investments, LLC, Kennai MDM Investments, LLC, Kudos Real Estate, LLC, AzKicker, LLC, and Lebold ("Defendants")] have caused continual delays through their refusal to properly secure counsel.  Specifically, Defendants' refusal to pay their attorneys led to the withdrawal of two separate law firms.

When the court granted the petition to withdraw as counsel of the second firm on December 13, 2023, it denied a request for a stay of the proceedings and ordered Defendants to find replacement counsel within ten days or face default judgment.  Defendants never did so.  On January 24, 2024, Plaintiffs filed a motion for default judgment and served it on both Defendants' historical addresses as well as the new addresses provided by Defendants' former counsel.

On February 5, 2024, Plaintiffs served Defendants with their pre-trial memo[randum], again at both Defendants' historic and new addresses via certified and first-class mail.  On February 14, 2024, [] Lebold sent correspondence to Plaintiffs' counsel with the letterhead reflecting the Philadelphia address used by Plaintiffs for service.  After Defendants failed to secure counsel or seek a continuance by the court's December 23, 2024 deadline, the court waited nearly 60 days before entering default judgment on February 16, 2024 and setting a damages hearing for March 20, 2024.  Plaintiffs served the February 16, 2024 order via first-class mail at Defendants' historic and new addresses as well as by email to [] Lebold.  Finally, nearly three months after the court's deadline had passed, [] Lebold filed a motion on March 14, 2024, days before the scheduled damages hearing, seeking a continua[nce].  The court denied this request on March 19, 2024.  On March 20, 2024[,] the court entered an assessment of damages order awarding Plaintiffs a total of $2,710,303.65 in compensatory and punitive damages.  Nearly six months later, Defendants filed a motion to strike or open the default judgment[, on August 29, 2024].

Trial Court Opinion, 2/21/25, at 1-3 (unnecessary capitalization and record citations omitted).

The trial court denied Defendants' petition to strike/open the default judgment on October 21, 2024. On November 20, 2024, Lebold timely appealed. Thereafter, Lebold and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. On appeal, and now represented by counsel, Lebold presents the following issues for our review, which we have reordered for ease of disposition:

1. Whether [the] trial court erred as a matter of law in denying the [petition] to strike/open default judgment where the [Plaintiffs] failed to give the requisite 10-day notice required by [Pennsylvania Rule of Civil Procedure] 237.1 substantially in the form prescribed by [Pennsylvania Rule of Civil Procedure] 237.5 prior to the entry of default judgment.

2. Whether the trial court erred as a matter of law in denying the [petition] to strike/open default judgment where the default judgment was improperly entered against [Lebold as an] individual [defendant] when his filed answer, counterclaims[,] and joinder complaint were stricken for not retaining counsel in violation of 42 Pa.C.S. § 2501(a).

3. Whether the trial court abused its discretion in denying the [petition] to strike/open default judgment when it failed to consider exigent circumstances of [the Defendants] in determining the timeliness of the petition and when no prejudice has been shown by [Plaintiffs].

4. Whether the trial court abused its discretion in denying the [petition] to strike/open default judgment because it failed to consider the affirmative claims asserted in [Defendants'] answer, new matter, and counterclaims and their meritorious defenses raised in the answer and new matter and summary judgment motion filed on April 5, 2023.

5. Whether the trial court abused its discretion in den[ying] the [petition] to strike/open default judgment when [the] trial court denied [] Lebold's reasonable request for a continuance of the assessment of damages hearing filed on March 14, 2024, due to medical reasons.

Appellant's Brief, at 2-3 (unnecessary capitalization and suggested answers omitted).

Despite Lebold's framing of the issues and their allegedly interrelated nature, we note there is a distinction between claims raised via a petition to strike as compared with those applicable to a petition to open. *See U.K. LaSalle, Inc. v. Lawless*, 618 A.2d 447, 449 (Pa. Super. 1992) ("A petition to strike a default judgment and a petition to open a default judgment are two distinct remedies, which are generally not interchangeable."). Lebold raises claims on appeal that are applicable to each.

First, our standard of review from the denial of a petition to strike a default judgment is as follows:

> An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure.
>
> > Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.
> >
> > A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

***Roy v. Rue***, 273 A.3d 1174, 1181-82 (Pa. Super. 2022) (citations, quotation

marks, and brackets omitted).

Second, our standard of review from the denial of a petition to open a

default judgment is as follows:

> A petition to open a default judgment is addressed to the equitable powers of the court and the trial court has discretion to grant or deny such a petition. The party seeking to open the default judgment must establish three elements: (1) the petition to open [. . .] was promptly filed; (2) the default can be reasonably explained or excused;[1] and (3) there is a meritorious defense to the underlying claim. The court's refusal to open a default judgment will not be reversed on appeal unless the trial court abused its discretion or committed an error of law. An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias[,] or ill-will. Moreover, this Court must determine whether there are equitable considerations that weigh in favor of opening the default judgment and allowing the defendant to defend the case on the merits. Where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion.

***Scalla v. KWS, Inc.***, 240 A.3d 131, 135-36 (Pa. Super. 2020) (citations

omitted).

_____

[1] Generally, a reasonable excuse in the context of a petition to open a default judgment refers to reasons for failing to file a responsive pleading. ***See Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 175-76 (Pa. Super. 2009). Here, Defendants' responsive pleadings were struck for failure to comply with the trial court's order to retain counsel. A reasonable explanation for the entry of the default judgment, therefore, in this case, requires an analysis of any reasonable excuse for failing to secure counsel or otherwise comply with the court's order that resulted in the striking of Defendants' pleadings and the resultant entry of default judgment.

In his first reordered appellate claim, Lebold purports to raise a challenge based on an alleged fatal record deficiency regarding notice, thereby invoking our standard of review for the denial of a petition to strike a default judgment. *See Roy*, 273 A.3d at 1181-82. Specifically, Lebold argues that he did not receive the requisite ten-day notice, pursuant to Pennsylvania Rule of Civil Procedure 237.1(a)(2)-(4), prior to entry of the default judgment. *See* Appellant's Brief, at 31. Lebold complains that the trial court improperly relied on the December 13, 2023 order in place of proper Rule 237.1 notice. *See id.* at 32. Lebold further relies on Pennsylvania Rule of Civil Procedure 236 for the proposition that the prothonotary is required to mail orders and notices and contends that the default judgment cannot stand because notices of entry of the default judgment in the trial court docket were all returned undeliverable. *See id.* at 33 (citing *Brown v. Great Atlantic & Pacific Tea Co.*, 460 A.2d 773 (Pa. Super. 1983)); *see also* Pa.R.Civ.P. 236. Also, Lebold emphasizes that, in total, the trial court docket reveals eighteen items of mail that were returned undeliverable between April 3rd and April 12th—including the notices of the entry of the default judgment and the assessment of damages order—thereby allegedly indicating that the requisite Rule 237.1 ten-day notice was not properly effectuated. *See id.* at 33-34. We disagree that Lebold is entitled to relief.

Instantly, the trial court denied Lebold's petition to strike/open the default judgment for the following reasons:

Defendants seek to strike or open a default judgment 195 days after it was entered without providing any plausible reason for doing so. [. . .]

[. . .] Defendants claim they never received the requisite 10-day notice before the default judgment was entered. However, Defendants were notified via the court's order dated December 13, 2023 that they had to retain new counsel within ten days or Plaintiffs would be permitted to file for a default judgment. Defendants also would have received notice of the court's December 13, 2023 order from their prior counsel, who were also subject to that order as well as the Pennsylvania Rules of Professional Conduct regarding attorney responsibilities at the termination of representation. Defendants admit as much in their motion, claiming they were unable to secure counsel within the requisite 10 days provided by the court's December 13, 2023 order (which of course presupposes they had notice of the order).

Additionally, the default judgment was not entered until February 16, 2024 — *two months* after the court's order and nearly a *month* after [Plaintiffs'] motion for default judgment (to which Defendants failed to respond). Furthermore, in their response opposing Defendants' [petition to strike/open the default judgment], Plaintiffs have provided a detailed verification outlining the various ways they effected service on Defendants of all filings between January and March 2024. With the notice of all the court's orders and Plaintiffs' filings, Defendants' never responded to the court's [ordered ten-]day deadline in December 2023 and never responded to the filing of default judgment, the entry of default judgment, or even the assessment of damages hearing until days beforehand—when Defendants sought to further delay the proceedings with yet another continuance predicated on their alleged inability to find an attorney in the [C]ity of Philadelphia.

Trial Court Opinion, 2/21/25, at (unnecessary capitalization omitted; emphasis in original). We agree that no relief is due.

Lebold's claim pertains to an alleged fatal defect regarding notice, thereby invoking our standard of review for a petition to strike a default judgment. **See Roy**, 273 A.3d at 1181-82. On the merits, even though

Lebold frames his argument pursuant to Rule 237.1, "[t]he notice requirement [of Rule 237.1] does not apply where judgment was entered by order of court[,]" as is the case here. **Estate of Levy v. CNA Ins. Co.**, 487 A.2d 919, 922 (Pa. Super. 1985); **see also** Pa.R.Civ.P. 237.1(b)(2).

To the extent that Lebold relies on the undeliverable status of the various mailings to demonstrate that a fatal defect in notice exists on the record, although we have already concluded that Rule 237.1 does not apply in this case, **see Estate of Levy**, 487 A.2d at 922; **see also** Pa.R.Civ.P. 237.1(b)(2), we further point out that notices sent in accordance with Pennsylvania Rule of Civil Procedure 236 effectively implement the required notice under both Rule 236 and 237.1. **See Scalla**, 240 A.3d at 137 (notation in trial court docket pursuant to Pa.R.Civ.P. 236(b) "sufficient to prove that the prothonotary sent notice either to an unrepresented party or to [party's] attorney of record" under Rules 236 and 237.1). Accordingly, here, contrary to his claims, the notations in the trial court docket regarding Rule 236 notice effectuated the proper notice that Lebold says never occurred in this case.[2] Therefore, we conclude that Lebold is due no relief on his first appellate claim.

_____

[2] Moreover, we observe that, because Lebold failed to retain a new attorney or enter his appearance to notify the court and the other parties of his intent to self-represent, he further failed to update his contact information for any case-related communications and notices. **See Monaco v. Montgomery Cab Co.**, 208 A.2d 252, 253-54 n.1 (Pa. 1965) (filing of entry of appearance may serve purpose of providing name and address within county where papers may be served). Although filing a written entry of appearance is generally not required if the pleadings provide sufficient information to notify parties and
*(Footnote Continued Next Page)*

In his second reordered appellate claim, Lebold argues that the trial court reversibly erred insofar as it entered the default judgment based on it striking the Defendants' filed pleadings—including the answer, counterclaims, and joinder complaint—because of the Defendants' failure to retain counsel, in violation of the trial court's December 2023 order. *See* Appellant's Brief, at 17-21; *see also* Order, 12/13/23. Specifically, Lebold asserts that, under 42 Pa.C.S. § 2501(a), he was permitted to represent himself in his individual capacity and the court could not require him to retain counsel. *See id.* at 18. Lebold concedes that an attorney was required to represent the non-individual defendant entities. *See id.* at 18-19; *see also Walacavage v. Excell 2000, Inc.*, 480 A.2d 281, 285 (Pa. Super. 1984) (corporation may only appear and be represented in Pennsylvania courts by attorney duly admitted to practice law). Nevertheless, Lebold contends that his failure to retain counsel for himself was a practical and financial impossibility, that was also based on "a

_____

the court where legal papers may be served, *see Fleck v. McHugh*, 361 A.2d 410, 413 (Pa. Super. 1976) (*en banc*); *see also* Pa.R.Civ.P. 1012, Lebold failed to respond at all—let alone provide any updated mailing address to the court and parties—following the trial court's order for the Defendants to secure new counsel. *See* Order, 12/13/23. The parties and the court cannot be faulted for sending notices to the addresses that Lebold caused to remain of record with the trial court without correction. In any event, Lebold should not benefit from any deliberate failure to follow the court's order to retain counsel, especially insofar as he now purports to present equitable claims for opening a default judgment. Also, as discussed in greater detail in this decision, Lebold fails to explain how the record establishes that his inactions amount to an excusable oversight rather than a deliberate decision not to defend. *See Seeger v. First Union National Bank*, 836 A.2d 163, 167 (Pa. Super. 2003).

need to adequately prepare and medical reasons[,]" and which impossibility was further evidenced by his filing a continuance motion for the assessment of damages hearing. ***See id.*** at 20. Lebold urges that we find that he promptly filed his petition to open the default judgment on August 29, 2024, once he retained counsel. ***See id.*** Lebold further notes that there is no specific time limit for filing a petition to strike/open a default judgment[3] and cites to the allegedly meritorious defenses he raised in his answer, counterclaim, joinder complaint, and motion for summary judgment for the substance of the defenses he raises for purposes of his petition to open the default judgment. ***See id.*** at 20-21. Nevertheless, Lebold is not entitled to relief.

Prior to reaching the merits, we note that Lebold's argument presents occasion for analysis under the framework of both a petition to strike and a petition to open the default judgment. ***Cf. U.K. LaSalle, Inc.***, 618 A.2d at 449. Lebold's petition raises claims sounding in a petition to strike the default judgment insofar as Lebold asserts that the failure to allow him to represent himself amounted to a fatal irregularity or defect. ***See Roy***, 273 A.3d at 1181-82. Further, Lebold's petition may be construed as a petition to open the default judgment insofar as he claims that he acted promptly, with a

---

[3] ***See US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa. Super. 2009) (timeliness of petition to open judgment is measured from date that notice of entry of default judgment is received and law does not establish specific period within which petition must be filed but, generally, period of delay is less than one month).

reasonable excuse for failing to secure counsel, and he highlights various allegedly meritorious defenses. *See Scalla*, 240 A.3d at 135-36. Nevertheless, after our review, we discern no abuse of discretion or fatal defect on the record. *See id.*; *see also Roy*, 273 A.3d at 1181-82.

Insofar as the trial court entered the default judgment due to the Defendants' failure to retain counsel, under Pennsylvania law, the filing of a written entry of appearance is generally not required if the pleadings provide sufficient information to notify parties and the court where legal papers may be served. *See Fleck v. McHugh*, 361 A.2d 410, 413 (Pa. Super. 1976) (*en banc); see also* Pa.R.Civ.P. 1012. Further, generally, trial courts may not enter default judgments merely based on a party's or counsel's failure to appear for pre-trial proceedings. *See Kalantary v. Mention*, 756 A.2d 671, 674-75 (Pa. Super. 2000); *see also Bennett v. Home Depot U.S.A., Inc.*, 764 A.2d 605, 608 (Pa. Super. 2000) (counsel's inadvertent failure to attend pre-trial proceeding not valid basis to dismiss case). Nevertheless, as an exception to that general rule, this Court has previously affirmed decisions of trial courts disposing of cases prior to trial, in part as a sanction, where the relevant parties have received ample opportunity and notice to appear for scheduled proceedings, but counsel or the *pro se* parties themselves, nevertheless fail to appear and act in bad faith or are otherwise dilatory in participating in the proceedings. *See First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 335 (Pa. Super. 1999) (no abuse of discretion in denial of petition to open default judgment entered against Frempong on trial

date after Frempong, acting *pro se*, was absent from mandatory pre-trial settlement conference without satisfactory excuse and where Frempong otherwise acted in dilatory manner); ***Anderson v. Pa. Fin. Responsibility Assigned Claims Plan***, 637 A.2d 659, 661-62 (Pa. Super. 1994) (no abuse of discretion where case dismissed after counsel repeatedly failed to appear despite sufficient notice and opportunity to do so); ***cf. Kalantary***, 756 A.2d at 675-76 (distinguishing, and declining to follow, ***Frempong*** because judgment entered against Appellant on day that settlement conference scheduled to be heard as sanction for failure to appear not supported by evidence that Appellant acted in anything but good faith).

Here, we observe that the trial court found that Lebold's repeated failure to pay his attorneys—which resulted in two separate withdrawals—and his failure to timely respond to, or comply with, the trial court's order to secure new counsel, or otherwise enter his appearance to proceed *pro se*, unduly delayed this case, which determination we find is supported by the record and amounts to dilatory behavior on Lebold's part. As in ***Frempong***, in the face of Lebold's dilatory acts, the trial court did not immediately enter default judgment due to the Defendants' failure to retain counsel, but instead provided ample opportunity to the Defendants to participate in the proceedings as represented parties and provided them notice to secure counsel within the time specified in the order. ***See*** Order 12/13/23; ***see also Frempong***, 744 A.2d at 335; ***Anderson***, 637 A.2d at 661-62; ***cf. Kalantary***, 756 A.2d at 675-76. Indeed, after entry of the trial court's order for Lebold

to retain counsel, **Lebold did not respond to the court's order, did not retain counsel, and failed to enter his appearance to notify the court of his intention to proceed *pro se***, until, at the earliest, he filed his motion for a continuance of the damages hearing, and at the latest, a new—third— defense counsel entered an appearance nearly eight months later, on August 12, 2024. Thus, having failed to enter his *pro se* appearance, or raise the issue of his decision to self-represent in the trial court, and after our review of Lebold's appellate brief, we observe that Lebold fails to identify how he has preserved the assertion of his right to self-representation for appellate review. *See* Pa.R.A.P. 302(a) (issues not raised in trial court are waived and cannot be raised for first time on appeal); *see also* Pa.R.A.P. 2119(e) (requiring, in immediate connection with argument portion of appellate brief, specific cross-reference to relevant pages of statement of case which set forth information as required by Pa.R.A.P. 2117(c), or substantially same regarding statement of place of raising or preservation of issues). We have long emphasized that "[a] *pro se* litigant is not absolved from complying with procedural rules. The fact that [the] appellant initially proceeded *pro se* does not absolve him of the responsibility to comply with procedural rules, new or old." *Warner v. Univ. of Pa. Health Sys.*, 874 A.2d 644, 648 (Pa. Super. 2005) (citations omitted); *see also Vann v. Commonwealth Unemployment Compensation Bd. of Review*, 494 A.2d 1081, 1086 (Pa. 1985) ("any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his

undoing"). Accordingly, Lebold has waived his claim regarding his right to self-representation.[4]

To the extent that Lebold's argument implicates our review of whether he satisfied the three prongs for opening a default judgment, we conclude that Lebold's argument that retaining counsel was impossible fails on the second prong (reasonable excuse). Specifically, there is no record evidence—beyond Lebold's mere bald assertion of impossibility[5]—that supports his conclusion that retaining counsel was a practical or financial impossibility, or that supports a finding that medical or personal factors prevented Lebold from complying with the court's order to retain counsel. ***See Stabley v. Great***

_____

[4] Even if not waived, we would find Lebold's claim regarding his right to self-representation has no merit because the trial court did not prevent Lebold from representing himself; rather, Lebold failed to respond to the court's order, failed to retain counsel, and failed to enter his appearance to represent himself or timely file documents demonstrating his intention, ***see Fleck***, 361 A.2d at 413, after the court ordered him to retain new counsel following multiple withdrawals by his prior counsel, which led to unnecessary delays in this case. ***See*** Order, 12/13/23. A defendant's dilatory or bad faith failure to promptly retain counsel and defend an action may subject that party to entry of a default judgment. ***See US Bank N.A.***, 982 A.2d at 996 (defendant's dilatory failure to retain counsel, despite multiple notices to do so, is not reasonable explanation or excuse necessary to open default judgment); ***see also Frempong***, 744 A.2d at 335 (Frempong's bad faith failure to participate in proceedings not sufficient reasonable excuse to open default judgment).

[5] Lebold points to his request for a continuance, as well as the withdrawals of his previous counsel as evidence of the impossibility of retaining counsel. Nevertheless, there is no record evidence establishing such impossibility. Without evidence of impossibility, the record reflects that Lebold merely decided not to pay counsel and intentionally failed to defend the action appropriately, which is not a reasonable excuse. ***See Seeger***, 836 A.2d at 167; ***see also Nevils v. Chernitsky***, 368 A.2d 1297, 1299 (Pa. Super. 1976).

*Atlantic & Pacific Tea Co.*, 89 A.3d 715, 720-21 (Pa. Super. 2014) (failing to calendar litigation properly is not reasonable excuse); *see also Seeger*, 836 A.2d at 167 ("Excusable negligence must establish an oversight rather than a deliberate decision not to defend.") (citation and quotation marks omitted); *US Bank N.A.*, 982 A.2d at 996-97 (noting defendant's failure to retain counsel despite notices to do so is not reasonable excuse); *Allegheny Hydro No. 1 v. American Line Builders, Inc.*, 722 A.2d 189, 194 (Pa. Super. 1998) (informal attempts to resolve case for over forty days is not reasonable excuse); *Anderson*, 637 A.2d at 661-62 (noting evidence of illness for failure to appear must be supported in record); *Bahr v. Pasky*, 439 A.2d 174, 178 (Pa. Super. 1981) (where, despite illness, appellant could read and comprehend documents in case but still failed to act, infirmity was not reasonable excuse). Under these circumstances, there is no discernable abuse of discretion on the part of the trial court in finding that Lebold failed to establish any reasonable excuse. *See Scalla*, 240 A.3d at 135-36; *cf. Palley v. Lazarus*, 344 A.2d 536, 537 (Pa. Super. 1975) (*en banc*) (reasonable excuse established where party in mental hospital at time complaint received and unable to consult effectively with attorney). Accordingly, no relief is due on Lebold's second reordered issue on appeal.

Relatedly, in his third reordered issue on appeal, Lebold offers similar argument, *inter alia*, under the reasonable excuse prong of the test for satisfying the requirements of a petition to open a default judgment. Specifically, Lebold claims that the default judgment was entered on account

- 16 -

of the trial court's allegedly improper order for him to retain counsel. *See* Appellant's Brief, at 26. Further, Lebold emphasizes that the trial court docket reflects that the notices of the default judgment were returned as undeliverable and he did not receive notice. *See id.* at 27. Lebold blames the trial court for failing to ensure proper notice of the default judgment. *See id.* Additionally, Lebold points out that he "was faced with a family crisis, his own health issues, and by financial losses and difficulties [. . .] so significant he was unable to pay his legal fees." *Id.* Moreover, Lebold explains that he could not retain counsel because "[t]he problem was that Mr. Lebold's particular situation presented was finding counsel who[] did not balk at the hostility shown by the trial court[, p]articularly when the conduct that the trial court complained of[] was the conduct of [the Defendants'] prior counsel and not [Lebold]." *Id.* at 29 (unnecessary capitalization omitted). Also, Lebold contends that "the passage of 195 days from the entry of default judgment to the filing of the petition to strike/open [the default judgment] due to a close family member's illness and death, in addition to the time necessary to obtain new counsel, sufficiently justifies the delay." *Id.* (unnecessary capitalization omitted). Finally, Lebold emphasizes that he timely filed a responsive pleading, has timely participated in the litigation, and he should not be blamed for the delays created by his prior attorneys. *See id.* at 29-30. Nevertheless, we find that no relief is due.

Instantly, we observe that we have already addressed three of Lebold's claims, finding them to be unmeritorious, including his arguments that: (1)

Defendants were not properly notified of the default, *see Estate of Levy*, 487 A.2d at 922; Pa.R.Civ.P. 237.1(b)(2); *see also Scalla*, 240 A.3d at 137; (2) the trial court improperly entered a default judgment based on Defendants' failure to retain counsel, *see Frempong*, 744 A.2d at 335; and (3) retaining counsel was impossible for Defendants. *See Seeger*, 836 A.2d at 167; *see also Anderson*, 637 A.2d at 661-62 (reasonable excuse based on illness and personal problems must be supported in record); *Nevils*, 368 A.2d at 1299.

To the extent that Lebold expounds upon his argument on his alleged reasonable excuse—reasoning that his delay was excusable based on financial and other crises, illness of his own or others, and other various impediments and circumstantial impossibilities—there are no facts of record to support his claims. *See Stabley*, 89 A.3d at 720-21; *see also Seeger*, 836 A.2d at 167; *US Bank N.A.*, 982 A.2d at 996-97; *Allegheny Hydro No. 1*, 722 A.2d at 194; *Anderson*, 637 A.2d at 661-62; *Bahr*, 439 A.2d at 178. Under these circumstances, there is no discernable abuse of discretion on the part of the trial court in finding that Lebold failed to establish any reasonable excuse. *See Scalla*, 240 A.3d at 135-36; *cf. Palley*, 344 A.2d at 537. As we find no abuse of discretion in the trial court's conclusion that Lebold failed to establish a reasonable excuse to open the default judgment, we find no relief is due and need not address Lebold's arguments under the other prongs for opening the default judgment. *See US Bank N.A.*, 982 A.2d at 997 (citing *Seeger* and affirming denial of petition to open default judgment even though trial court did not analyze all three prongs of test to open default judgment since all

prongs must be met). Accordingly, Lebold is due no relief on both his third and fourth claims on appeal.

In his final issue, Lebold argues that the court failed to consider his reasonable request for a continuance of the assessment of damages hearing. Specifically, in his motion for continuance that Lebold filed in his individual capacity—absent any entry of appearance—on March 14, 2024, Lebold informed the court that:

> I request that the hearing be continued and rescheduled as I was out of the country and just returned on March 4, 2024[,] and therefore have not had adequate time to prepare, further I have a long-standing medical appointment scheduled for March 20, 2024 and I will not be able to attend the hearing.

Motion for Continuance, 3/14/24, at 1.

On appeal, Lebold contends that the court erroneously failed to consider the lack of prejudice to the Plaintiffs, the length of the delay requested, the lack of complexity involved in merely presenting evidence on assessment of damages, and whether the opposing party was willing to continue the case. *See* Appellant's Brief, at 35. Further, Lebold argues he did not receive notice of the assessment of damages hearing, as he was out of the country. *See id.* Lebold complains that his medical appointment was long-standing and could not be rescheduled, but, upon realizing the hearing conflicted with the medical appointment, Lebold allegedly promptly filed his continuance motion seeking a short delay of the hearing. *See id.* at 35-36. Again, we find no relief is due.

- 19 -

We apply an abuse of discretion standard of review when considering the denial of a continuance request. *See Ferko-Fox v. Fox*, 68 A.3d 917, 925 (Pa. Super. 2013). In this context, "[a]n abuse of discretion is not a mere error in judgment, but, rather, a misapplication of law, manifest unreasonableness, or the result of bias, ill-will, partiality[,] or prejudice." *First Lehigh Bank v. Haviland Grille*, 704 A.2d 135, 140 (Pa. Super. 1997).

Instantly, Lebold fails to identify how he has preserved his arguments that, in denying the continuance request, the trial court erroneously failed to consider the lack of prejudice to the Plaintiffs, the length of the delay requested, the lack of complexity involved in merely presenting evidence on assessment of damages, and whether the opposing party was willing to continue the case. *See* Pa.R.A.P. 302(a); *see also* Pa.R.A.P. 2119(e); *Warner*, 874 A.2d at 648; *Vann*, 494 A.2d at 1086. Accordingly, these arguments are waived.[6]

Further, on the merits, we discern no abuse of discretion in the court's denial of Lebold's continuance request where Lebold filed the continuance

_____

[6] Even if not waived, we would find no relief is due as we conclude that the factors that Lebold urges that the trial court should have considered could support finding that no continuance was warranted insofar as: (1) further delay of Plaintiffs' rightful recovery in this case would have amounted to prejudice to the Plaintiffs; (2) the lack of complexity in merely presenting assessment of damages evidence favors speedy resolution of that issue without unnecessary delay; and (3) the Plaintiffs specifically opposed Lebold's continuance request. The assigned weight to the factor for the length of the delay would be outweighed by the prejudice to Plaintiffs, especially considering Lebold's dilatory manner in defending this action.

motion less than a week before the damages hearing that was scheduled for March 20, 2024. Lebold cited a "long-standing medical appointment" as the alleged reason for delay but acknowledged learning of the apparent scheduling conflict as early as March 4, 2024, but failed to raise it until March 14, 2024. Motion for Continuance, 3/14/24, at 1. We discern no reason of record, and Lebold provides none, indicating why his long-standing medical appointment could not be rescheduled around the assessment of damages hearing if it was a known conflict as of March 4, 2024. *See Zappacosta v. McAvoy*, 325 A.3d 782, 787 (Pa. Super. 2024) (appellants' delay in seeking continuance until two days before proceeding was sufficient ground by itself for denial of continuance motion where they knew over two and one-half months before scheduled proceeding that they had no counsel and that representation was required). Also, Lebold did not specify further regarding the alleged medical hardship in his continuance motion and did not attach any documentary evidence in support of his claims, in that motion, or rely on any record evidence now on appeal indicating the existence of a conflict with the scheduled assessment of damages hearing. Moreover, it is of no moment whether Lebold was out of the country when the damages hearing was initially scheduled by court order entered on February 20, 2024, because effective notice was given to the parties pursuant to Pennsylvania Rule of Civil Procedure 236(b). *See Scalla*, 240 A.3d at 137.

Accordingly, as there was no basis for delaying the assessment of damages hearing, the court was within its discretion to deny Lebold's

requested continuance of that hearing. **See Ferko-Fox**, 68 A.3d at 925; **see also Geiger v. Rouse**, 715 A.2d 454, 457 (Pa. Super. 1998) (continuance properly denied, despite defendants' schedule conflicts presenting meritorious grounds for continuance where defendants knew of conflicts at time that proceeding was scheduled and failed to move for continuance at that time).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/27/2026